Robert J. BARBERA, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

Docket No. 04–4885–CV.

United States Court of Appeals, Second Circuit.

Oct. 4, 2005.

Howard D. Olinsky, Olinsky & DiMartino LLP, Oswego, N.Y., for Plaintiff–Appellant.

Sandra M. Grossfeld, Assistant Regional Counsel (Barbara L. Spivak, Chief Counsel—Region II, on the brief), for Lisa de Soto, General Counsel, New York, N.Y., for Defendant–Appellee.

Present: CALABRESI, KATZMANN and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED,** and the case **REMANDED** to the district court.

Plaintiff–Appellant Robert J. Barbera ("Barbera") applied to the Social Security Administration ("SSA") for disability insurance benefits on June 15, 1999. An Administrative Law Judge ("ALJ") ruled that Barbera did not have a disability as the term is defined in the Social Security Act, 42 U.S.C. § 416(i)(1)(A), and denied his claim for benefits. Barbera appealed this determination to the district court, and a magistrate judge submitted a report and recommendation in favor of affirming the SSA's decision. The district court adopted the magistrate judge's report and recommendation in an order dated July 9, 2004. Barbera appeals the order of the district court.

We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

■ Social Security regulations require that the SSA give "controlling weight" to the medical opinion of an applicant's treating physician so long as that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other

substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *see also Rosa v. Callahan,* 168 F.3d 72, 78–79 (2d Cir. 1999). When the SSA gives less weight to the treating physician's medical opinion, it must provide reasons for doing so. 20 C.F.R. § 404.1527(d)(2).

Barbera's treating physician, Dr. Fredrickson, diagnosed Barbera with various musculoskeletal and neurological conditions after conducting physical examinations and Magnetic Resonance Imaging (MRI) exams. Dr. Fredrickson also signed a "Disability Certificate" indicating that Barbera was "totally incapacitated" and wrote on a prescription pad that Barbera was unable to return to any work that involved standing, sitting, or driving without undergoing treatment. The ALJ clearly did not accept Dr. Fredrickson's views as to Barbera's physical capacity, and found that Barbera could spend several hours a day sitting, standing, and walking. The ALJ concluded, therefore, that Barbera could work as a telephone salesperson, Barbera's previous occupation.

The ALJ did not give reasons for disregarding Dr. Fredrickson's opinions, as required by the regulations. 20 C.F.R. § 404.1527(d)(2); *Clark v. Comm'r of Soc. Sec.,* 143 F.3d 115, 118 (2d Cir.1998). The magistrate judge, in turn, excused the ALJ's failure to give controlling weight to Dr. Fredrickson's opinions, reasoning (1) that to the extent Dr. Fredrickson's opinions reflected a judgment as to Barbera's disability status, the ALJ was right not to credit them, as this question is reserved to the ALJ; (2) that to the extent Dr. Fredrickson rendered a capacity assessment, he did not complete all of the medical assessment forms sent by the SSA, and so provided only inadequate information; and (3) that a doctor's note excusing Barbera from work was "hardly a guidepost for the ALJ to rely upon in assessing the range of Barbera's functional capabilities."

Dr. Fredrickson's judgment as to what activities Barbera could not engage in is on its face an assessment of Barbera's capacity—and hence, an opinion that presumptively should be given controlling weight. And where the import of the physician's opinions is ambiguous, as the magistrate judge suggested it is here, the ALJ has a duty to seek clarification. *Schaal v. Apfel,* 134 F.3d 496, 505 (2d Cir.1998). Similarly, because "the ALJ generally has an affirmative obligation to develop the administrative record," the ALJ may not disregard or decline to address a treating physician's medical opinion on the grounds that the information provided is incomplete without first attempting to obtain the missing information. *Perez v. Chater,* 77 F.3d 41, 47 (2d Cir.1996). With respect to the magistrate judge's third point—that opinions contained in a doctor's excuse from work should be entitled to less than controlling weight—whether or not this would be a valid reason for discounting Dr. Fredrickson's opinions, it was not a reason that the ALJ gave. A reviewing court may not supply reasons to justify an agency determination. *SEC v. Chenery Corp.,* 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947).

The ALJ failed to explain why he declined to give controlling weight to the opinion of Barbera's treating physician. For this reason, we VACATE the judgment of the district court, and REMAND to the district court with instructions to remand to the Social Security Administration's Office of Hearings and Appeals for further proceedings consistent with this order.